NchIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY MICHAEL O'NEAL,

and

HELEN M. MORRIS,

    Plaintiffs,

vs.                                                    Civil Action No. 3:10-cv-40

CAPITAL ONE AUTO FINANCE, INC.,

and

HSBC MORTGAGE CORPORATION (USA),

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SANCTIONS

This matter comes before the Court on Plaintiffs' Motion for Sanctions against Capital One Auto Finance, Inc. filed March 11, 2011.[1] The Court held an evidentiary hearing and argument on March 31, 2011 on Plaintiffs' Motion. Plaintiffs, Timothy Michael O'Neal and Helen M. Morris, appeared by Aaron C. Amore, Esq., by telephone. Defendant, Capital One Auto Finance, Inc. (hereinafter "COAF"), appeared by Sharon L. Potter, Esq., in person and also by Patrick B. Barry, Esq., by telephone. No testimony was taken, however, Plaintiff submitted several exhibits which were designated as Plaintiffs' Exhibit 1. No other evidence was adduced.

---

[1] Dkt. No. 76.

## I. INTRODUCTION

A. Background

This action was initially filed on April 8, 2010 in this Court by virtue of diversity jurisdiction. Plaintiffs' complaint alleged violations of the Consumer Protection Act, West Virginia Code §46A-5-105 and intentional infliction of emotional distress. Plaintiff filed a Motion for Sanctions alleging Defendant, COAF, was uncooperative throughout the discovery period.

B. The Motion

1. Plaintiffs' Motion for Sanctions Against Defendant Capital One Auto Finance, Inc.[2]

C. Decision

Plaintiffs' Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs are permitted to conduct additional discovery on COAF's supplementation provided after the close of COAF's corporate representative's deposition. The reasonable expenses incurred by Plaintiffs shall be borne by COAF.

## II. FACTS

1. On March 11, 2011, Plaintiffs filed a Motion for Sanctions.[3]
2. Defendant filed its Response in Opposition to Plaintiffs' Motion for Sanctions on March 25, 2011.[4]
3. On March 31, 2011, the evidentiary hearing and argument was held.

---

[2] Dkt. No. 76.

[3] Id.

[4] Dkt. No. 88.

# III. PLAINTIFFS' MOTION FOR SANCTIONS

A.  Contentions of the Parties

Plaintiffs move for an order granting sanctions against COAF for Defendant's alleged non-compliance throughout the discovery period. Plaintiffs argue sanctions are warranted because COAF provided inconsistent answers to Interrogatories Numbers 1 and 2 and engaged in a pattern of withholding discovery to gain a tactical advantage. See Pls.' Mot., Pg. 9, 14 (Dkt. 76). Specifically, Plaintiffs argue COAF did not provide relevant materials Plaintiffs requested prior to COAF's corporate representative's deposition which deprived Plaintiffs of the opportunity to depose the corporate representative on these materials. Id. at 14. Plaintiffs also contend COAF only provides substantive responses after a threat of a Motion to Compel or the actual filing of a Motion occurs. Id. at 15.

In opposition to Plaintiffs' Motion, COAF maintains sanctions are not warranted and proffers three grounds in support of this argument. COAF initially argues it has not violated a discovery order of this Court nor has it failed to participate in discovery therefore, under Fed. R. Civ. P. 37, sanctions are inappropriate. See Def.'s Resp., Pg. 2 (Dkt. 88). Specifically, COAF contends it consistently responded to Plaintiffs' discovery requests and provided a verification for Topic 20 although such verification was not required. Id. at 4-8. COAF also contends that the verification provided was proper because Fed. R. Civ. P. 33 "permits a corporate representative to verify a corporation's answers without personal knowledge of every response by 'furnishing[ing] such information as is available *to the party*.'" Id. at 10. COAF also asserts sanctions are inappropriate because Plaintiffs did not hold a "meet and confer" conference prior to filing Plaintiffs' Motion to Compel. COAF requests Plaintiffs' Motion be denied.

B.  Discussion

Rule 37 of the Federal Rules of Civil Procedure authorizes a district court to impose sanctions for discovery-related misconduct. Willis v. Town of Marshall, 275 Fed. Appx. 227, 236 (4th Cir. 2008). In framing sanctions to remedy discovery abuses, the Court may assess attorney's fees, monetary sanctions, attorney disqualification or the dismissal of an action. See Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S. Ct. 2123 (1991). Sanctions are necessary to deter "other parties to other lawsuits" from feeling free "to flout other discovery orders of other district courts." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). The award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

The Court of Appeals for the Fourth Circuit developed a four-part test for a court to use when determining what sanctions to impose. Under that test, a court must consider: 1) whether the noncomplying party acted in bad faith; 2) the amount of prejudice that noncompliance caused the adversary; 3) the need for deterrence of the particular sort of noncompliance; and 4) whether less drastic sanctions would have been effective. Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001). Belated compliance with discovery orders, however, does not preclude the imposition of sanctions. North Am. Watch Corp. V. Princess Ermine Jewels, 786 F2d 1447, 1451 (9th Cir. 1986). Therefore, "[t]he great operative principle of Rule 37[] is that the loser pays." Rickels v. City of South Bend, Indiana, 33 F.3d 785, 786 (7th Cir. 1994).

In the instant case, an examination of the four factors requires a denial of Plaintiffs'

Motion for Sanctions. First, there is no evidence of bad faith by COAF. Upon a review of Plaintiffs' time line, as presented in their Motion, the Court finds that COAF consistently responded to Plaintiffs' discovery requests and supplemented COAF's responses when the information became available. The Court ordered COAF to produce a witness to explain why COAF could not provide answers to Plaintiffs' Interrogatories Nos. 1 and 2, and COAF did just that. The Court finds that this does not support a finding of a violation of a discovery order. Additionally, COAF contended before the Court that it has consistently responded to Plaintiffs' discovery in a timely fashion and supplements its responses "as soon as we get them and that's why we have six supplements that have now been submitted to the Court." See March 31, 2011 Transcript, Pg. 11. The Court declines to find bad faith on the part of COAF.

In considering the amount of prejudice Plaintiffs faced, the Court finds that Plaintiffs were slightly prejudiced by COAF's supplementation of information after the corporate representative's deposition. This prejudice, however, can be remedied without the severe imposition of discovery sanctions. Plaintiffs are entitled to conduct further discovery by means of a second deposition on COAF's supplementation provided after the corporate representative's deposition. Furthermore, COAF has a duty to pay for the reasonable expenses involved with that discovery deposition. Third, the Court does not find COAF to be in noncompliance with the Court's order because COAF produced a witness as required by the Court.

The effectiveness of sanctions also counsels against granting Plaintiffs' Motion. The purpose of the discovery process is to allow both parties to be prepared for any evidence that will be put forward at trial. United States v. Procter & Gamble Co., 356 U.S. 677 (1958). COAF contends it supplements its discovery responses as soon as counsel receives said information.

While Plaintiffs are at a disadvantage with regards to the supplementation provided after the corporate representative's deposition, the Court finds that permitting Plaintiffs additional discovery on the information at COAF's expense properly addresses the issue. Accordingly, Plaintiffs' Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**.

C.   Decision

Plaintiffs' Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs are permitted to conduct additional discovery on COAF's supplementation provided after the close of COAF's corporate representative's deposition. The reasonable expenses incurred shall be borne by COAF.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: June 29, 2011                     /s/ *James E. Seibert*
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE