IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY MICHAEL O'NEAL,

and

HELEN M. MORRIS,

      Plaintiffs,

    v.                                               Civ. Action No. 3:10-cv-40

CAPITAL ONE AUTO FINANCE, INC.,

and

HSBC MORTGAGE CORPORATION (USA),

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CAPITAL ONE AUTO FINANCE, INC.'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

On July 1, 2011, came the above named Plaintiffs, by Aaron C. Amore, Esq., by telephone, and Defendant Capital One Auto Finance (hereinafter "COAF"), by Patrick R. Barry, Esq., in person, for an evidentiary hearing and argument on Defendant's Motion To Quash Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action. The Motion was filed June 28, 2011.[1] No testimony was taken nor was any evidence adduced.

## I. INTRODUCTION

A.    Background

---

[1] Dkt. No. 114.

This action was initially filed on April 8, 2010 in the Northern District of West Virginia, pursuant to 28 U.S.C. §1332(a)(1), claiming complete diversity between parties and an amount-in-controversy exceeding $75,000.00 and alleging violations of the Consumer Protection Act, violations of West Virginia Code, and intentional infliction of emotional distress.[2]

B.  The Motion

Defendant COAF's Motion To Quash Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action.[3]

C.  Decision

Defendant COAF's Motion To Quash Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action is **GRANTED** because this Court declines to compel discovery that would violate a state court protective order.

Defendant COAF's request for reasonable expenses and fees is **DENIED**.

## II.  FACTS

1. On June 22, 2011, Plaintiffs served consumer protection attorney Ralph C. Young, Esq. with a Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action, seeking the policies and procedures used in the collection of auto loans that are in default, policies and procedures relating to when a debtor/consumer represents that he/she is filing bankruptcy for debtors' auto loan accounts, documents regarding supervision of employees, such as handbooks or other reference materials used to train both supervisors and/or agents/employees

---

[2] Dkt. No. 1.

[3] Dkt. No. 114.

2

on handling consumer accounts in default, permissible times when COAF employees may make collection calls, permissible number of calls COAF employees/agents can make to a West Virginia debtor, policies and procedures of COAF employees and/or agents as to how to handle collection calls of West Virginia debtors when the individual has claimed that he/she is represented by an attorney, policies and procedures of COAF employees/agents as to how to handle collection calls on defaulted accounts when the individual as informed the agent that he/she is represented by an attorney, and any agreements with iQor, Allied National Credit and Wirpro, regarding collection work for COAF relating to auto loan accounts.[4]

2. On June 28, 2011, Defendant COAF filed its Motion To Quash Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action.[5]

3. On June 29, 2011, Plaintiffs filed their Response to Motion To Quash Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action.[6]

4. The Court entered an Order on June 29, 2011 setting an evidentiary hearing and argument on the pleadings[7].

5. On July 1, 2011, the evidentiary hearing and argument was held.

---

[4] Dkt. No. 112.

[5] Dkt. No. 114.

[6] Dkt. No. 117.

[7] Dkt. No. 115.

# III. COAF'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

A.     Contentions of the Parties

Defendant COAF requests the Court enter an order quashing Plaintiffs' Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action, awarding COAF reasonable fees and expenses and granting it other such relief as the court deems proper and just. See Def.'s Mot., Pg. 6-7 (Dkt. 114). Defendant COAF advances the following arguments in support of its Motion to Quash. It argues the subpoena "seeks confidential policies and procedures that have already been produced in this case or are subject to Plaintiffs' Motion to Compel Discovery currently pending before Judge Seibert". Id. at 1. Particularly, COAF contends "[p]laintiffs cannot circumvent the rules of civil procedure and sidestep Judge Seibert to obtain confidential policies and procedures through the use of an improper subpoena". Id. COAF asserts the confidential polices and procedures that Plaintiffs seek are protected because COAF produced the same policies and procedures to Mr. Young's law firm in other civil actions in West Virginia subject to agreed protective orders. Id. at 2. COAF also requests it be awarded reasonable fees and expenses, because it contends Plaintiffs' willful and intentional "violation action of serving the Subpoena in violation of the Federal Rules of Civil Procedure is sanctionable". Id. at 6.

Conversely, Plaintiffs request Defendant COAF's Motion To Quash Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action be denied and COAF's request for attorney's fees be denied. See Pls.' Resp., Pg. 8 (Dkt. 117). Plaintiffs argue COAF has "consistently provided inconsistent answers/responses to

4

Plaintiffs' Discovery requests" and it issued the subpoena "to determine accuracy of policies and procedures". Id. at 2. "If COAF had been more forthcoming with its responses/answers during the course of Discovery, Plaintiff would not have issued said subpoena to determine accuracy of policies and procedures". Id. Plaintiffs additionally contend they have not been able to obtain testimony regarding the policies and procedures, because the deposition of COAF's corporate representative was held before some of the policies and procedures were produced to Plaintiffs. Id. at 3-4. Finally, Plaintiffs argue "COAF has waived the exception to 'waiver' by stating that it has already produced all of the policies and procedures", because the "documents/information COAF produced after the filing of the Plaintiffs' Motion to Compel was produced without objection and prior to an official ruling by Magistrate Judge Seibert". Id. at 4.

B.  Discussion

Rule 45 of the Federal Rules of Civil Procedure governs deposition subpoenas duces tecum for the production of documents with or without the taking of a deposition. This rule also provides grounds for quashing or modifying a subpoena. Fed.R.Civ.P. 45(c)(3). "In the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness." Longford v. Chrysler Motor Co., 513 F.2d 1121, 1126 (2d Cir. 1975). See also In re Grand Jury Subpoena, 584 F.3d 175, 184 (4th Cir. 2007) (recognizing that unless a party is claiming that subpoenaed documents are privileged, he lacks standing to object to a subpoena directed to a third party). This Court finds COAF has a sufficient privacy interest in its confidential company policies and procedures, which are currently subject to a protective order of the Circuit Court of Raleigh County, West Virginia, to challenge the subpoena in this action.

1. **Information Sought Subject to State Court Protective Order**

Since the sought polices and procedures have been discovered in COAF's litigation with various plaintiffs under guard of a protective order in state court actions, this Court is left with the issue of whether information encompassed within a state court protective order may be ordered subpoenaed by a federal court. It finds it cannot. Plaintiffs' subpoena will require COAF to disclose information that is subject to a protective order in litigation in Raleigh County, West Virginia Circuit Court. The subpoena must be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv). Federal Rule of Civil Procedure 45(c)(3)(A)(iv) permits a court to quash a subpoena if the subpoena "subjects a person to undue burden". Fed.R.Civ.P. 45(c)(3)(A)(iv). To the extent that Plaintiffs' subpoena seeks information encompassed within the state court protective order, this Court finds that compliance with Plaintiffs' subpoena would subject Defendant to the undue burden of violating a state court protective order. See Donovan v. Lewnowski, 221 F.R.D. 587 (S.D. Fla. 2004) (finding complying with a subpoena that sought documents covered by state court protective orders to be an "undue burden" on the producer under Federal Rule of Civil Procedure 45(c)(3)(A)(iv)); Dart Indus., Inc. v. Liquid Nitrogen Processing Corp. of California, 50 F.R.D. 286, 291-92 (D.Del. 1970) (limiting production of documents to those not covered by any protective order of the Illinois district court in a prior lawsuit).

This court finds Tubar v. Clift, No. C05-1154JCC, 2006 WL 521683 (W.D. Wash. Mar. 2, 2006) to be analogous. In Tubar, the only issue remaining for the court's consideration was whether personnel files owned by a non-party defense attorney could be subpoenaed by the plaintiff in a civil rights action under 42 U.S.C. §1983, regardless of the fact that the files were subject to a state-court protective order. Tubar, at *4. The Court in Tubar found that allowing

6

the files to be subpoenaed in the federal action would cause an "undue burden" under Federal Rule of Civil Procedure 45(c)(3)(A)(iv) to that attorney because he would be compelled to violate a state-court protective order. Id. Like Tubar, the parties in this federal civil action are seeking to subpoena records that are under protective order in West Virginia Circuit Court. While the subpoena is not to COAF, this Court finds the subpoena must be quashed because it is inappropriate under Federal Rule of Civil Procedure 45(c)(3)(A)(iv) to violate a state court's protective order. Besides, Plaintiffs have received this same information by this Court's previous order. There is no need for this Court to interfere with the state court protective order.

### 2. Fees and Expenses

COAF contends Plaintiffs engaged in a intentional and willful action designed to circumvent the traditional rules of civil procedure when it served Mr. Young with a subpoena for COAF's confidential policies and procedures, causing it to be responsible for reasonable fees and expenses, citing this Court's decision in CSX Transp. Inc. v. Gilkison, No. 5:05-CV-202, 2009 WL 2985594 (N.D. W.Va. Sept. 15, 2009). See Def.'s Mot., Pg. 6 (Dkt. 114). In response, Plaintiffs contend they were "simply attempting to determine the accuracy of the documents/information provided by COAF during the course of discovery", citing no case law for this argument. See Pls.' Resp., Pg. 6 (Dkt. 117). Plaintiffs argue COAF should not be awarded reasonable fees and expenses because "[i]f COAF had been more forthcoming with its Discovery responses, Plaintiffs would not be puzzled and confused as to what information is accurate that has been produced". Id.

Unlike Rule 26, which incorporates Rule 37 for reasonable expenses and sanctions into the Rule's provisions, Rule 45 does not explicitly subject failed motions to quash a subpoena

duces tecum to Rule 37 penalties. CSX Transp. Inc., at *5. However, district courts have imposed reasonable expenses upon moving parties losing their motion to quash. Id.

Under Rule 37, if a motion is denied, the court,

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party...who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(B).

The term "substantially justified" does not mean "justified to a high degree", but rather "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 522, 565 (1988). Here, Plaintiffs had a position that has some legitimate basis. Therefore, COAF's request for reasonable fees and expenses is denied.

C.   Decision

Defendant Capital One Auto Finance, Inc.'s Motion To Quash Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action is **GRANTED** because this Court declines to compel discovery that would violate a state court protective order.

Defendant Capital One Auto Finance, Inc.'s request for reasonable expenses and fees is **DENIED**.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which

objection is made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: July 6, 2011                             /s/ *James E. Seibert*
                                                JAMES E. SEIBERT
                                                UNITED STATES MAGISTRATE JUDGE