IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT MARTINSBURG

TIMOTHY MICHAEL O'NEAL,

and

HELEN M. MORRIS

    Plaintiffs,

v.                                          Civil Action No. 3:10-cv-00040
                                              (JUDGE BAILEY)

CAPITAL ONE AUTO FINANCE, Inc.,

and

HSBC MORTGAGE CORPORATION (USA),

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANT CAPITAL ONE AUTO FINANCE, INC.

### I. Introduction

A. Background:

Timothy Michael O'Neal and Helen M. Morris ("Plaintiffs") filed this action against Capital One Auto Finance, Inc. ("COAF"), and HSBC Mortgage Corporation on April 4, 2010, alleging violations of the Consumer Protection Act, West Virginia Code §46A-5-105 and intentional infliction of emotional distress.[1] Certain discovery disputes arose and Plaintiffs filed a Motion to

---

[1]Dkt. No. 1.

Compel[2] and later an Affidavit of Attorney's fees.[3] Because this Court did not issue an order addressing the Affidavit, Plaintiffs filed the instant Motion for Clarification and/or Ruling on Request for Attorney's Fees Regarding Plaintiffs' Motion to Compel Defendant Capital One Auto Finance, Inc.[4]

B. The Issues:

    1. Whether reasonable attorney's fees should be awarded

    2. If so, what fees and rate should be used in the award calculation

C. Decisions:

    1. Reasonable attorney's fees must be awarded because (a) Plaintiffs' counsel did meet and confer with Defendant's counsel in good faith before filing the motion, and (b) Defendant lacks substantial justification for failing to produce the requested information.

    2. Reasonable expenses include 4.65 hours of billable attorney time and 4.18 hours of billable paralegal time at rates of $175 per hour and $52.20 per hour respectively.

## II. Facts

On January 31, 2011, Plaintiffs filed a Motion to Compel Defendant Capital One Auto Finance, Inc. to fully Answer Interrogatories No. 1, 2, 3, 4, 14, 15, 22, and 23 of Plaintiffs' First Set of Interrogatories and Topic No. 20 of Plaintiffs' Second Amended Notice of Deposition Duces

---

[2]Dkt. No. 58.

[3]Dkt. No. 82.

[4]Dkt. No. 121.

Tecum of Defendant Capital One Auto Finance, Inc.'s Corporate Representative.[5] Defendant COAF filed a Response to Plaintiffs' Motion to Compel on February 14, 2011.[6] Plaintiffs filed a Reply to COAF's Response to Plaintiffs' Motion to Compel on February 17, 2011.[7]

On February 18, 2011, an evidentiary hearing was held regarding Plaintiffs' Motion to Compel. On February 23, 2011, this Court ordered the evidentiary hearing continued to March 3, 2011, and Defendant COAF was ordered to produce the person or persons having knowledge as to whether COAF has in its possession current and last known telephone numbers and addresses for its employees.[8] As ordered, on March 3, 2011, an evidentiary hearing was held regarding Plaintiffs' Motion to Compel, and this Court subsequently ordered that Plaintiffs' counsel would have two weeks to file an affidavit for reasonable expenses and that COAF would have two weeks to respond.[9] This Court also set an April 1, 2011 hearing on the Affidavit of Attorney's Fees.

On March 11, 2011, Plaintiffs filed a Motion for Sanctions against COAF seeking sanctions for providing additional supplemental discovery responses after the deposition of COAF's corporate representative, among others.[10]

---

[5]Dkt. No. 58.

[6]Dkt. No. 63.

[7]Dkt. No. 65.

[8]Dkt. No. 69.

[9]Dkt. No. 75.

[10]Dkt. No. 76.

On March 15, 2011, Plaintiffs filed an Affidavit of Attorney's Fees related to Plaintiffs' Motion to Compel[11], and Plaintiffs filed an Amended Motion for attorney's fees related to Plaintiffs' Motion to Compel on March 29, 2011.[12] Also on March 29, 2011, COAF filed its Response to Plaintiffs' Affidavit of Attorney's Fees.[13]

On April 1, 2011, this Court held a hearing on whether reasonable expenses should be awarded.[14] At the conclusion of the hearing, in reference to its forthcoming decision on the matter, this Court stated that it would "put it in line,"[15] meaning that an order would follow shortly.

On June 29, 2011, this Court issued an Order granting in Part and Denying in Part Plaintiffs' Motion for Sanctions against COAF ordering COAF to make its corporate representative available for a second deposition at its own expense.[16]

After no order was issued with regard to the Affidavit of Attorney's fees, on July 25, 2011, Plaintiffs filed a Motion for Clarification and/or Ruling on Request for Attorney's Fees Regarding Plaintiffs' Motion to Compel Defendant Capital Once Auto Finance, Inc. A hearing was held on the Motion on August 18, 2001, at the conclusion of which this Court advised the parties that an order would be forthcoming.

## III. Discussion

---

[11]Dkt. No. 82.

[12]Dkt. No. 89.

[13]Dkt. No. 91.

[14]Dkt. No. 96.

[15]Hr'g Tr. 11, Apr. 1, 2011.

[16]Dkt No. 116.

1. <u>Failure to Confer</u>

Defendant first contends in its Response in Opposition to Affidavit of Attorney's Fees that Plaintiffs' counsel made no good faith attempt to meet and confer before filing their Motion to Compel. The operable provision under Rule 37(a) of the Federal Rules of Civil Procedure states that when a motion to compel has been granted, the loser pays. <u>Rickels v. City of South Bend, Indiana</u>, 33 F.3d 785, 787 (7th Cir. 1994) (quoting 8 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 2288 at 787 (3d ed. 1970)). However, this provision does not apply when the movant has not in "good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," or when the "opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(i)-(ii).

In this case, in addition to emails exchanged between the parties on the matter, <u>see</u> Dkt. No. 58, Exs. D-E, G-K, M-O, I; Dkt. No. 91, P. 4-5, Ex. A, during the hearing before this Court on April 1, 2011, Plaintiffs' counsel stated that on January 18, 2011, the parties conferred via conference call regarding all outstanding discovery issues. Hr'g Tr. 9, Apr. 1, 2011. During the hearing, counsel for the Defendant agreed that this conference call took place on January 18, 2011, but argued only that some questions remained unanswered after the conference call. <u>Id.</u> at 10-11. It is not unusual for discovery issues to remain at the conclusion of a meet-and-confer; the presence of remaining issues does not serve as the standard against which the Court determines whether a meet-and-confer has taken place. Based on this hearing testimony as well as evidence presented in the pleadings, the Court finds that Plaintiffs' counsel has met its burden of demonstrating a good faith effort to meet and confer with opposing counsel before filing its Motion to Compel.

2. Substantial Justification

In addition, Defendant contends that the time it took to produce accurate addresses for its employees is substantially justified. As a rule, conduct is substantially justified "if there is a 'genuine dispute,'" Pierce v. Underwood, 487 U.S. 552, 565 (citing Adv. Comm. Notes to the 1970 Amendments to former Fed. R. Civ. P. 37(a)(4)), or if the conduct was "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. The non-prevailing party bears the burden of affirmatively demonstrating that its discovery conduct was substantially justified. See Adv. Comm. Notes to 1970 Amendments to former Fed. R. Civ. P. 37(a)(4). In this case, Defendant stated that the amount of time it has taken is justified because COAF did not believe it had the addresses for certain employees because they were contract employees. Dkt. No. 91, p. 8. However, Defendant goes on to state that it has been able to locate these employees in the Phillippines and Canada, and it is now producing this information to Plaintiffs. Id. Therefore, because this information was capable of being uncovered with reasonable diligence, and because the burden of proving substantial justification is on the Defendant, this Court is unable to conclude that reasonable people could differ as to whether Defendant took appropriate steps to find and produce this information. Thus this Court finds that Defendant's argument that it is substantially justified in its delay must fail.

3. Reasonable Expenses

Defendant next contends that both the fees claimed and counsel's hourly rate are unreasonable. Plaintiffs' attorneys request payment for 20.25 billed hours of attorney work and 11.25 billed hours of paralegal work. They claim that $250 per hour is a reasonable attorney fee

rate, that $75 per hour is a reasonable paralegal fee rate, and that with mileage to the hearing, they are due a total of $6,163.29 in fees.

Rule 37 allows a party to obtain "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Attorney's fees are calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888. Parties should exercise "billing judgment" when calculating the number of hours for which they seek compensation. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In order to do so, "[c]ounsel...should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id. at 434. The Fourth Circuit does not have a precise approach to the calculation of attorney's fees under Rule 37, but case law from other courts is instructive on this issue.

This Court begins by determining the number of hours eligible for attorney's fees. Defendant contends that Plaintiffs should not be awarded costs associated with reviewing discovery responses, and sending emails and making telephone calls about the sufficiency of discovery responses. As a rule, "a party and its counsel 'can only be held responsible for the reasonable expenses [including attorney's fees] caused by their failure to comply with discovery.'" Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 1998)(citing Chapman & Cole and CCP v. Intel Container Int'l B.V., 865 F.2d 676, 687 (5th Cir. 1989). Writing emails and making calls to counsel about discovery responses are not properly included because these steps are "required before filing a motion to compel. The Rules require a party meet and confer in an attempt to avoid the need to file a motion to compel. This time is therefore outside the scope of the motion to compel..." Moats v. City Hospital, Inc., No. 3:06-cv-120, 2007 WL 2220282 at * 4

7

(N.D.W. Va. Aug. 2, 2007). Although the Court is permitted to include time spent corresponding about the impending hearing on the Motion to Compel because such time would not have been necessary but for the Motion to Compel, it is unclear from the affidavit provided which communications are related to overdue discovery responses, and which are necessary to the Motion to Compel hearing, so the Court will not allow an award of fees for this time. As to whether time spent in reviewing discovery responses is properly included, the Court will reduce the overall time spent by 50 percent, as discussed below, and this should be sufficient to adjust for any time improperly included that was spent on those activities.

Therefore, this Court will not include the following in the calculation of fees:

| Attorney/Paralegal | Date | Time | Description |
| --- | --- | --- | --- |
| Aaron C. Amore | 1/18/11 | 0.50 | Reviewed correspondence (e-mails) between Plaintiffs' counsel/paralegal and COAF's counsel regarding outstanding disocvery [sic] issues & participated in teleconference |
| | 1/28/11 | 0.15 | Reviewed e-mail from COAF's counsel regarding outstanding Discovery issues and discussed the issues with paralegal |
| | 2/3/211 | 0.15 | Drafted response letter to Nicholas P. Mooney, II, Esq. regarding his letter of 2/2/11 and Discovery issues |
| | 2/25/11 | 0.20 | Teleconference w/Sharon Potter to discuss discovery issues and limiting discovery requests |
| | 2/25/11 | 0.50 | Discussed letter to be drafted to counsel for COAF re: Joint Discovery Agreement w/paralegal; reviewed draft of letter to counsel for COAF |
| | 3/9/11 | 0.50 | Revised draft letter to counsel for COAF re supplemental responses and verifications |
| | 3/17/11 | 0.10 | Reviewed COAF's letter re: supplemental responses and verifications |
| | 3/23/11 | 0.50 | Revised draft letter to counsel for COAF re: missing information to COAF's answers to Plaintiffs' Interrogatories No. 1 and 2 |

| Angela M. Snider | 11/3/10 | 0.15 | Wrote to COAF's counsel requesting Protective Order so that COAF could supplement Discovery answers/responses |
| --- | --- | --- | --- |
| | 1/18/11 | 0.15 | Wrote to COAF's counsel requesting supplemental discovery responses/answers to Plaintiffs' 1st Set of Interrogatories and 1st Request for Production of Documents |
| | 1/18/11 | 0.50 | Reviewed and drafted correspondence (e-mails) to and from COAF's cousnel [sic] regarding outstanding discovery issues |
| | 1/26/11 | 0.50 | Reviewed supplemental discovoery [sic] answers/responses and discussed outstanding discovery issues with attorney and drafted correspondence (e-mail) to COAF's counsel regarding outstanding discovery issues |
| | 1/28/11 | 0.15 | Discussed outstanding discovery issues w/attorney; Wrote to COAF's cousnel [sic] regarding outstanding discovery issues |
| | 2/3/11 | 0.15 | Reviewed and edditted [sic] letter to Nicholas P. Mooney, II, Esq. from Aaron C. Amore regarding Discovery issues |
| | 2/25/11 | 0.10 | E-mail correspondence to and from counsel for COAF re: Joint Discovery Agreement |
| | 3/9/11 | 0.50 | Drafted letter to counsel for COAF re: supplemental responses and verifications |
| | 3/23/11 | 0.50 | Drafted letter to counsel for COAF re: missing information to COAF's answers to Plaintiffs' Interrogatories No. 1 and 2 |
| | 3/25/11 | 0.10 | Revoewed [sic] COAf's [sic] letter re: supplemental responses to Interrogatories No. 1 and 2 |

Second, Defendant contends that costs associated with travel to and from the hearing on the Motion to Compel should be denied. There is a general obligation to minimize expenses. Moats, 2007 WL 2220282 at * 4 (citing Hensley v. Eckerhart, 461 U.S. 424, 434). Plaintiffs in this case could have attended the hearing by telephone to save travel expenses, therefore travel time and mileage are denied. Accordingly, the 9.0 hour time entry including both the time spent driving to Wheeling and back, and time spent in the hearing should be reduced to reflect only the amount of time spent at the hearing itself. The hearing lasted approximately 40 minutes, Dkt No.

84, pp. 4, 27, so the Court will allow 0.7 hours of billable attorney time for the hearing. Therefore, with 8.3 hours subtracted from the revised total of 17.65 hours of billable attorney time, the remaining number of hours is 9.35.

Third, Defendant argues that the fees associated with drafting the Affidavit of Attorney's Fees should not be included because they are not recoverable under Rule 37 since the Motion to Compel had been resolved. As a general rule, a reasonable fee should be awarded for time spent preparing an affidavit for fees. See Robbins & Myers, Inc. v. J.M. Huber Corp., No. 01-cv-00201S(F), 2011 WL 1598973 at * 6 ( W.D.N.Y. April 27, 2011); see also LaPointe v. Windsor Locks Bd. of Educ., 162 F. Supp. 2d 10, 17 (D. Conn. 2011)(finding that "compensation may be awarded for time spent litigating a fee claim."). In addition, although it is true, as Defendant states, that the Motion to Compel had been resolved, this Court ordered Plaintiffs to prepare an Affidavit of Fees after the Motion, so Plaintiffs can be awarded payment for those fees.

Finally, Defendant maintains that only fees that are associated with the portion of the Motion to Compel that was granted may be awarded, and since Plaintiffs' billing records fail to identify these claims, all of their requests for fees must be denied. In the Rule 37 context, "there is no certain method of determining when claims are 'related' or 'unrelated.' Plaintiff[s'] counsel, of course, is not required to record in great detail how each minute of his time was expended." Hensley, 461 U.S. at 437 n.12. However, although Plaintiffs submitted reasonably detailed records of their time, they are not specific enough to enable the Court to determine which time entries related to the unsuccessful claims. This makes it difficult for the Court to make an item-by-item calculation of validly claimed time. See Adams v. Austal, U.S.A., No. 08-0155-KD-N, 2010 WL 2496396 at *4 (S.D.Ala. June 16, 2010). In such a case, the Court can

"reduce the requested hours by an across-the-board cut" to deduct for denied claims. Bivens v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). In this case, Plaintiffs asked the Court to compel responses to various interrogatories and to compel responses to Topic No. 20 of Plaintiffs' Second Amended Notice of Deposition Duces Tecum of Defendant Capital One Auto Finance, Inc.'s Corporate Representative, but the Court only granted the portion of the Motion to Compel dealing with obtaining certain addresses. Dkt No. 69. Since Plaintiffs' Motion to Compel was only partially granted, this Court will make a 50 percent reduction in the number or hours claimed. By dividing each subtotal in half, the new total number of hours is thus 4.68 hours of attorney time, and 4.18 hours of paralegal time.

Now that the Court has determined which time charged should be included, it now moves on to determine what the proper rate is for those hours charged. "[T]he fee applicant bears the burden of establishing...hourly rates." Hensley, 461 U.S. at 437. Reasonable attorneys fees are determined by rates for the work in the district where the action is pending. Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994). The starting point for the Court's analysis is the actual rate charged by the petitioning attorney. Id. The Court may also use affidavits from other attorneys to establish what the reasonable rate is. Raney v. Fed. Bureau of Prisons, 222 F.3d 927, 938 (Fed. Cir. 2000); Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). Accordingly, this Court has reviewed requests that have been granted by this Court in other cases, keeping in mind that "[t]here is nothing complex about a motion to compel documents requested and not received..." Findley v. Citimortgage, Inc., No. 1:10-cv-12, 2010 WL 3810831, at *2 (N.D.W.Va. Sept 27, 2010); see also Biovail Corp. v. Mylan Labs., Inc., 217 F.R.D. 380, 382 (N.D.W.Va 2003)(recognizing that

although attorney rates may be increased proportionately to the greater skill required, discovery requests and responses aren't "rocket science."). Based on other similar requests in the Northern District, and in particular a decision by Magistrate Judge Kaull in a similar matter finding $175 is a fair and reasonable rate under the circumstances in a finance case, see Findley, 2010 WL 3810831 at *2, this Court finds that the reasonable rate for should be $175 per hour for attorney work. $175 an hour represents a thirty percent reduction in the amount requested by Plaintiffs, so accordingly, this Court will also reduce the paralegal fees requested by the same percentage, for a total of $52.20 per hour for paralegal work. Therefore, multiplying the number of hours, 4.68, by $175 per hour, attorney's fees shall be awarded in the amount of $819.00. The amount of paralegal fees to be awarded is 4.18 hours times $52.20 per hour for a total of $218.97. Added together, the total amount this Court will award is $1,037.19.

    4.    Affidavit of Attorney's Fees

Finally, Defendant contends in its Opposition to the Motion for Clarification and/or Ruling on Request for Attorney's Fees Regarding Plaintiffs' Motion to Compel Defendant Capital One Auto Finance, Inc. that Plaintiffs' motion should be denied because the Affidavit for Attorney's Fees has already been heard by this Court. Defendant is correct that the Affidavit for Attorney's fees has already been heard by this Court, however, this Court inadvertently overlooked issuing an order on the motion. This Court issued an order on Plaintiffs' March 11, 2011 Motion for Sanctions related to Plaintiffs' Motion to Compel, but the Court never issued an order regarding the Affidavit for Attorneys fees. The two motions are separate and distinct and merit separate consideration.

IV. Conclusion

Defendant and its counsel shall pay Plaintiffs $1,037.19 within thirty (30) days of the date of this order. This Court so orders because Plaintiffs' counsel did meet and confer with Defendant's counsel in good faith before filing its motion, and because Defendant's counsel lacks substantial justification for failing to produce the requested information. But, this Court finds that $250 per hour is not a reasonable rate for legal work in this district and will thus reduce the amount awarded accordingly, and also declines to award certain requested fees. This Court is so ordering because an order on the Affidavit of Attorneys Fees has not yet been entered.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: August 31, 2011

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE